IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EARL DORSEY, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-509 |
| | ) | Judge Terrence F. McVerry/ |
| HARRY E. WILSON; THE DISTRICT ATTORNEY OF THE COUNTY OF ALLEGHENY; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | ) ) ) ) ) ) | Magistrate Judge Amy Reynolds Hay |
| | ) | |
| Respondents | ) | |

## **MEMORANDUM ORDER**

The above-captioned habeas petition was received by the Clerk of Court on April 18, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

After an extension of time in which to file an answer, the answer was filed. Dkt. Nos. [9] & [10]. Petitioner filed a traverse. Dkt. [11]. The Magistrate Judge's Report and Recommendation, Dkt. [14], filed on June 11, 2008, recommended that the Petition for Writ of Habeas Corpus be dismissed because, inter alia, many of the issues were procedurally defaulted, Petitioner's claims about errors in the PCRA process were not cognizable and the other grounds raised were meritless. The Report also recommended that a certificate of appealability be denied. Service was made on the Petitioner at SCI - Fayette, P.O. Box 9999, LaBelle, PA 25450-0999. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)

(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. After being granted an extension of time, Petitioner filed objections. Dkt. [17].

The Court will address the objections in the order in which Petitioner presents them.

Petitioner first objects that the Report erred on Claim # 13 insofar as the Report, according to Petitioner, concluded that merely because Petitioner was accompanying the shooter, he must be guilty as a conspirator. Dkt. [17] at 2 to 3. Petitioner is simply wrong. The Report concluded that his Claim # 13 was procedurally defaulted and Petitioner failed to establish cause or prejudice or actual innocence to overcome the procedural default. Dkt. [14] at 11 to 15. Hence, the objection is meritless.

However, Petitioner's objection might be read to attack the Report's rejection of Petitioner's Claim Number 26, i.e., his claim that there was insufficient evidence to sustain a conviction of first degree murder. Nevertheless, the objection, so construed, is without merit. The evidence, when viewed in a light most favorable to the Commonwealth as the verdict winner, permitted the finding that it was indeed Petitioner who was driving the car out of which the shooter was shooting and, that Petitioner's continued driving of the car, in pursuit of the victims after the shooter was shooting, permitted an inference of an implied agreement between the shooter and the driver, i.e., Petitioner, to kill the occupants of the car being chased, given that one intends the natural consequences of one's actions and, shooting at individuals, under such circumstances permits an inference of a shared intent to kill. See Commonwealth v. Gabbidon, 398 Mass. 1, 5-6 (1986) (evidence of firing three shots into a fast-moving car close to the driver with a semi-automatic rifle demonstrated specific intent to kill the victim); Commonwealth v.

Reaves, 434 Mass. 383, 389-390 (2001) (ample evidence of intent to kill where at least two shots were fired at reasonably close range at the precise group with whom the defendant had had a confrontation earlier that day, resulting in one victim shot in the leg and another in the chest). This is true even if the evidence that Petitioner was the driver of the car was circumstantial and that evidence of his shared intent was circumstantial. See, e.g., Government of Virgin Islands v. Greene, 708 F.2d 113, 115-16 (3d Cir. 1983)("So long as the totality of circumstantial evidence relating to intent would enable a reasonable factfinder to infer such intent beyond a reasonable doubt, the due process requirement for sufficiency of the evidence on that element of the offense is satisfied."). Accordingly, this objection is without merit.

Petitioner next attacks the Report's disposition of Claim # 16 and then Claims Number 7, 8, 9, and 15. The Report adequately disposes of these objections and no further comment is required.

Petitioner next objects to the Report's finding that Petitioner procedurally defaulted Clams Number 1, 2, 3, 5, 6, 10, 12, 13, 16 and 17. Dkt. [17] at 17 to 19. The Report found these claims to have been defaulted because they were not raised in the appeal briefs to the Superior Court either on direct or PCRA appeal. Dkt. [14] at 11. Petitioner contends that he raised Issues No. 1 and 4 in his Statement of Matters Complained of On Appeal. However, this does not mean that Issues No. 1 and 4 were not procedurally defaulted. It is not sufficient to raise these claims in the Statement of Matters Complained of On Appeal, rather, these issues must also have been raised in the Statement of Questions Presented section of the brief in the Superior Court to not have been waived. See, e.g., Eiser v. Brown & Williamson Tobacco Corp., 938 A.2d 417, 428-29 (Pa. 2007)("the fact remains that in this case Appellants pursued only eight

issues [out of the 24 issues raised in the Statement of Matters Complained of On Appeal] in their appeal to the Superior Court, [sic, comma should be a period]  Therefore, under existing case law, only those eight issues were preserved. *See, e.g., City of Philadelphia v. Schweiker*, 579 Pa. 591, 858 A.2d 75 (Pa.2004) (concluding that the Supreme Court should disregard as abandoned issues not raised in list of questions presented on appeal, not discussed in body of brief, and not included in prayer for relief); *Krebs v. United Refining Co. of Pennsylvania*, 893 A.2d 776, 797 (Pa.Super.Ct. 2006) (holding that the Superior Court will not consider any issue if it has not been set forth in or suggested by the statement of questions involved); *Dunn v. Board of Property Assessment, Appeals and Review of Allegheny County*, 877 A.2d 504 (Pa.Cmwlth.Ct. 2005) (finding that taxpayers waived all claims not set forth or suggested in portion of their appellate brief setting forth the statement of questions involved).") . Petitioner does not contend that these claims were so raised in the Statement of Questions Presented section of the brief to the Superior Court either on direct or collateral appeal.  Hence, they were indeed procedurally defaulted.

Nor do any of Petitioner's excuses for the procedural default establish cause and prejudice nor actual innocence so as to excuse the procedural default.  Dkt. [17] at 17 to 18.

Objections to the Report's disposition of Claim Numbers 14, 26, and 4 are meritless and the Report adequately disposes of the claims.

Petitioner next objects to the Report's disposition of Claim # 11, wherein the Report found that any claim of appellate counsel's ineffectiveness for failing to raise a claim in the Petition for Allowance of Appeal ("PAA") to the Pennsylvania Supreme Court failed to state a claim for habeas relief as there is no federal right to counsel and where there is no federal right, there can be no basis upon which to grant habeas relief.  However, Petitioner contends that he has

4

a State law right to counsel in the PAA proceedings. That he may have a state right law to counsel, whether arising from the State Constitution or State rules of criminal procedure, is of no consequence because in order to be granted federal habeas relief, Petitioner must show a denial of a federal constitutional or statutory right. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). This, Petitioner has failed to do.

This same reasoning applies equally with respect to Petitioner's next objection concerning claim Nos. 23, 24, & 27. Petitioner has no federal right to counsel in PCRA proceedings even if he had a State law right. Petitioner misunderstands the import of the case law cited by the Report to the effect that he has no such federal right. It is not just that Petitioner has no federal right to have counsel **appointed** in the PCRA proceedings, rather, the rule is that Petitioner has no federal right to effective assistance of counsel during the PCRA proceedings, notwithstanding any State law right to such. Despite Petitioner's argument to the contrary, Petitioner has no substantive due process right to effective assistance of counsel in PCRA proceedings, notwithstanding Pennsylvania law's grant of a right to counsel. See Pursell v. Horn, 187 F.Supp.2d 260, 372-73 (W.D. Pa. 2002) wherein the Court observed that

> Some cases go even further than *Finley* and *Giarratano*, suggesting that there is no federal right to state post-conviction counsel even when state law itself requires such counsel. For example, in *Caswell v. Ryan*, 953 F.2d 853, 862 (3d Cir. 1992), the Third Circuit held that post-conviction review counsel's ineffectiveness did not excuse a procedural default, even when state law itself required effective counsel for such proceedings, because there was no federal constitutional right to counsel in state post-conviction proceedings. *See also In re Goff*, 250 F.3d 273, 275-76 (5th Cir. 2001) (barring a second petition based on the ineffectiveness of state post-conviction lawyer, even when state law itself required the appointment of counsel). In both *Caswell* and *Goff*, the petitioners argued that their state post-conviction counsel were ineffective. And in both cases, state law itself required the appointment of counsel for post-conviction proceedings. Nevertheless, the *Caswell* and *Goff* Courts rejected the petitioners' claims for a

5

simple reason: the due process clause does not require counsel for state
post-conviction proceedings, whether state law requires such counsel or not.

This court agrees, there is no federal right to counsel in PCRA proceedings and because there is no such right, violation of the State law right to effective assistance of counsel, assuming there is such a State law right, fails to merit the relief of habeas.[1]

Even if there were a federal right to counsel in state Post Conviction proceedings, the ineffectiveness of such counsel could still not serve to provide relief because Congress has mandated that such ineffectiveness cannot serve as a grounds for relief in federal habeas proceedings. 28 U.S.C. § 2254 (i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254.").

---

[1] Petitioner appears to try to make a procedural due process claim, arguing that he has a "protected liberty interest" under the Fourteenth Amendment in effective assistance of counsel at both the PAA stage and the PCRA stage due to the fact that State law grants him such a right to effective assistance of counsel. Dkt. [17] at 28. Although unspoken, the conclusion is that he cannot be deprived of this "protected liberty interest" in a State law right to effective assistance of counsel without procedural due process.

Petitioner's argument makes no sense to the court. Because, by hypothesis, one cannot be denied effective assistance of counsel consistent with the Federal Constitution, it is inconceivable to this Court what procedural protections can apply to such a deprivation of a "liberty interest" which constitutionally cannot occur. **If** Petitioner is constitutionally entitled under the United States Constitution to effective assistance of counsel, then a hearing, the hallmark of procedural due process, would serve no purpose, before he could deprived of his right to effective assistance. To write these very words points out the absurdity of Petitioner's position. The law does not require a useless act of providing a hearing where the outcome cannot be other than one outcome, i.e., the deprivation of effective assistance would be barred under the Federal Constitution no matter what procedural protections are provided. Consolidated Stores Intern. Corp. v. London Insurance and Reinsurance Market Assoc., No. C2-96-1047, 2001 WL 1681139, at *6 (S.D.Oh. Oct. 24, 2001)("*Lex non cogit ad inutilia*: the law does not require a useless act."). No matter what procedural protections accompanied such a deprivation, it would not matter constitutionally, such a deprivation could not be accomplished. Plaintiff's claim is a claim solely cognizable for present purposes as a violation of substantive due process standards.

Finally, Petitioner objects to the fact that the Magistrate Judge denied him a stay of his case. Petitioner claims that he mistakenly thought that he was required to file a stay in this case in order to file a second PCRA petition in the State Courts. Dkt. [17] at 29. He would have done so in order to bring in the State Courts his so-called newly discovered claim that his trial counsel simultaneously represented Petitioner in his first degree murder trial and represented another criminal defendant in an unrelated first degree murder trial. To this, it is sufficient to note that ignorance of the law or mistake of the law is not an excuse. Garrett v. Snyder, 211 F.3d 1269 (Table), 2000 WL 571929, *2 (6th Cir. 2000)("pro se status and ignorance of law did not excuse petitioner's failure to raise claims in state courts")(*citing* Hannah v. Conley, 49 F.3d 1193, 1197 (6th Cir. 1995)); Rodriguez v. U.S., 132 F.3d 30 (Table), 1997 WL 770636, *1 (1st Cir. 1997) ("appellant's pro se status and ignorance of the law does not constitute "cause" sufficient to excuse this omission"); Hays v. Klauser, 21 F.3d 1113 (Table), 1994 WL 134790, *1 (9th Cir. 1994) ("We are well aware of the difficulties facing most pro se petitioners, but a lack of legal assistance and ignorance of the law does not establish sufficient cause to excuse a procedural default."). Alternatively, the Report noted that it would be futile to have granted the stay. Petitioner has not attacked this conclusion nor does it appear subject to attack. See Dkt. [14] at 8 to 9 n.4.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, and the Petitioner's various objections to the Report, the following order is entered:

    **AND NOW**, this 30th day of July, 2008;

    **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is

**DENIED**.

      **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

      **IT IS FURTHER ORDERED** that the Report and Recommendation (Dkt. [14])
of Magistrate Judge Hay, filed June 11, 2008, is adopted as the opinion of the court.

                s/ Terrence F. McVerry
               The Honorable Terrence F. McVerry
               United States District Court Judge

cc:  Amy Reynolds Hay
   United States Magistrate Judge

   James Earl Dorsey
   CZ-6171
   SCI - Fayette
   P.O. Box 9999
   LaBelle, PA 25450-0999

   All counsel via CM-ECF